UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEMAS PRICE MITCHELL,

        Plaintiff,

v.

ROYAL GAS & OIL,

        Defendant.

_____/

Case No. 2:19-cv-11416
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT (ECF No. 14)

## I.    BACKGROUND

On May 14, 2019, Plaintiff Lemas Price Mitchell filed this lawsuit, *in pro per*, alleging employment discrimination by Defendant on the basis of religion in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1, PgID.4-11.) Judge Michelson referred all pretrial matters to me for resolution. (ECF No. 6.) On October 2, 2019, Defendant filed a motion to dismiss or for a more definite statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and (e). (ECF No. 14.) The Undersigned ordered Plaintiff to respond to the motion by November 1, 2019 (ECF No. 15), which he did on October 31, 2019, by filing a more definite statement labeled as an amended complaint (ECF Nos. 17 & 18).

## II.    STANDARDS

A defendant may file a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, a pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Further, "[e]ach allegation must be simple, concise, and direct," although "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). "In determining whether a complaint states a claim, a court must accept as true all the factual allegations in the complaint and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]*ro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge*, 681 F.3d at 358.

Motions for a more definite statement are governed by Fed. R. Civ. P. 12(e), which provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

## III.  DISCUSSION

Plaintiff's more definite statement, prepared with the assistance of the University of Detroit Mercy Legal Clinic, contains "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), and a short and plain statement of claims showing entitlement to relief, Fed. R. Civ. P. 8(a)(2). (ECF No. 17, PgID.349-351.)  Paragraphs 7 to 13 provide detailed factual allegations, and the statement lists two causes of action: (1) a violation of Title VII of the Civil Rights Act of 1964, and (2) a violation of the Michigan Elliot Larsen Civil Rights Act.  (ECF No. 17, PgID.349-351.)  Additionally, the statement contains demands for the relief sought in accordance with Fed. R. Civ. P. 8(a)(3). (ECF No. 17, PgID.350-351.)

## IV.  ORDER

Defendant's motion to dismiss or for a more definite statement (ECF No. 14) is **DENIED AS MOOT**, Plaintiff's statement (ECF No. 17) having satisfied the pleading standards of Fed. R. Civ. P. 8(a).  The Court will consider Plaintiff's more

definite statement an amended complaint under Fed. R. Civ. P. 15(a)(2) (If a party does not amend its pleading as a matter of course pursuant to Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."). <u>ECF No. 17 is now the operative pleading in this case</u>.

   **IT IS SO ORDERED.**

Dated: December 5, 2019                s/*Anthony P. Patti*
                                       Anthony P. Patti
                                       UNITED STATES MAGISTRATE JUDGE